UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 3:17-CR-00341-B-1 |
| | § |
| SEVERO ELIZALDE-ABELARDO, | § |
| | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Severo Elizalde-Abelardo's Motion to Reduce Sentence (Doc. 1062). Elizalde-Abelardo seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* For the following reasons, Elizalde-Abelardo's Motion is **DENIED WITHOUT PREJUDICE**.

**I.**

**BACKGROUND**

On December 4, 2019, Elizalde-Abelardo pleaded guilty to "Conspiracy to Distribute a Controlled Substance" in violation of 21 U.S.C. § 846, 841(a)(1) & (b)(1)(A). Doc. 776, J., 1–2. The Court sentenced Elizalde-Abelardo to 405 months of imprisonment and five years of supervised release. *Id.* at 2–3. Elizalde-Abelardo is 44 years old and is confined at Victorville Medium I Federal Correctional Institution with a scheduled release date of April 17, 2046.[1]

Elizalde-Abelardo filed a motion for compassionate release under 18 U.S.C. § 3582. Doc. 1062, Mot., 1.[2] He argues that the legality and calculation of his original sentence alongside a change

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc (last accessed Aug. 6, 2025).

[2] The citations to Elizalde-Abelardo's Motion for Compassionate Release (Doc. 1062) refer to the pagination on the Case Management/Electronic system.

-1-

in the law warrant compassionate release. *Id.* Elizalde-Abelardo also requests that the Court appoint counsel. The Court considers the Motion below.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

First, the Court denies Elizalde-Abelardo's request for Court-appointed counsel. Second, the Court denies Elizalde-Abelardo's request for compassionate relief because he has not demonstrated extraordinary and compelling reasons for a sentence reduction.

A.   *Elizalde-Abelardo is Not Entitled to Appointment of Counsel.*

Elizalde-Abelardo's request for appointment of counsel is denied. Courts in this district have noted that "[t]he First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A)." *E.g., United States v. Jackson*, No. 3:16-CR-196-L-1, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020) (Lindsay, J.). The Fifth Circuit recently held a district court did not abuse its discretion by denying a defendant's motion for the appointment of counsel for a motion under § 3582(c)(1)(A). *United States v. Diaz*, No. 22-40044, 2023 WL 1879404, at *3 (5th Cir. Feb. 10, 2023) (per curiam).

Nevertheless, district courts have discretion to appoint counsel when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). When exercising this discretion, courts consider "whether the [defendant's] petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim." *United States v. Molina-Flores*, No. 3:16-CR-130-N, 2018 WL 10050316, at *2 (N.D. Tex. Feb. 13, 2018) (Horan, M.J.) (citation omitted).

Here, Elizalde-Abelardo has failed to show the interests of justice require the Court to appoint counsel. Motions for compassionate release are generally "not particularly complex factually or legally." *United States v. Phillips*, No. 1:17-CR-143, 2023 WL 5337428, at *2 (E.D. Tex. Aug. 18, 2023) (citation omitted). Elizalde-Abelardo's Motion presents straightforward claims regarding whether his sentence constitutes an extraordinary and compelling reason justifying compassionate release and "is not legally or factually complex." *See United States v. Smith*, No. 3:18-CR-0482-B-5, 2022 WL 326688, at *1 (N.D. Tex. Feb. 2, 2022) (Boyle, J.). Elizalde-Abelardo has not explained how appointed counsel would otherwise help the Court assess his Motion. Accordingly, the Court finds that Elizalde-Abelardo is not entitled to appointment of counsel.

  B. *Elizalde-Abelardo's Motion for Compassionate Release is Denied.*

Although Elizalde-Abelardo showed proof of exhaustion, he did not demonstrate extraordinary and compelling reasons for a sentence reduction. Therefore, Elizalde-Abelardo's Motion for Compassionate Release is denied.

  1. <u>Elizalde-Abelardo Has Shown Proof of Exhaustion.</u>

A court can only accept a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on

the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory: "a court *may not* modify a term of imprisonment if a defendant has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (quotations omitted) (emphasis in original).

Elizalde-Abelardo has satisfied the exhaustion requirement. He attaches a letter from the warden that shows he requested compassionate release on June 1, 2024, and the warden denied his request on June 13, 2024. *See* Doc. 1062, Mot., 3, 13–14. Elizalde-Abelardo has thus exhausted all his administrative remedies, so the Court next proceeds to the merits.

2. Elizalde-Abelardo Has Not Demonstrated Extraordinary and Compelling Reasons for Compassionate Release.

Elizalde-Abelardo has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (quotations and alterations omitted).

Before Congress passed the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (internal citation omitted). These include the defendant's medical condition, age, and family situation. *See*

U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1. The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances. *Id.* But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93. While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). The Court concludes Elizalde-Abelardo has not shown "extraordinary and compelling reasons" warranting compassionate release.

Elizalde-Abelardo argues that a new law would result in a lesser sentence if he were to be sentenced today. Doc. 1062, Mot., 5. Therefore, he claims that his sentence is unusually long under an amendment to the Sentencing Guidelines. *Id.* Under § 1B1.13(b)(6), a retroactive change in the law may constitute extraordinary and compelling reasons for a defendant's release if it "would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." To qualify for this relief, a defendant must have received an unusually long sentence and served at least 10 years of imprisonment. § 1B1.13(b)(6). Alternatively, under § 1B1.13(c), a retroactive or non-retroactive change in the law may warrant compassionate release "if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction." § 1B1.13(c).

Neither § 1B1.13(b)(6) nor § 1B1.13(c) warrant a sentence reduction. First, the Court cannot grant relief under § 1B1.13(b)(6). Elizalde-Abelardo has not served at least 10 years of imprisonment. And even if Elizalde-Abelardo had served at least 10 years of his sentence, he fails to

identify a specific change in the law that would justify a different sentence today. Instead, he relies on the Guidelines' new provision that allows a change in the law to constitute an extraordinary and compelling reason warranting relief. *See* Doc. 1062, Mot., 6. But this provision contemplates a change in the law "other than an amendment to the Guidelines Manual." U.S. SENT'G GUIDELINES MANUAL § 1B1.13(b)(6). Elizalde-Abelardo says "the guidelines regarding reduction in term of imprisonment, has provided additional guidance to the courts for consideration in granting relief under motion filed pursuant to compassionate release." *Id.* But he points to no meaningful retroactive change in 21 U.S.C. § 841 or § 846, the laws under which Elizalde-Abelardo was sentenced. Therefore, the Court cannot grant relief under § 1B1.13(b)(6).

Second, the Court cannot grant relief under § 1B1.13(c) because Elizalde-Abelardo has not established other extraordinary and compelling reasons. Elizalde-Abelardo argues that his sentence is unusually long because his co-defendants received lower sentences. Doc. 1062, Mot., 6. As the Court discussed above, Elizalde-Abelardo has not identified a change in law that would have resulted in a lower sentence if he were sentenced today. Further, "that [Elizalde-Abelardo] received a different sentence than his co-defendants is not extraordinary or compelling." *United States v. Villa*, No. 3:12-CR-00320-N-14, 2025 WL 746518, at *3 (N.D. Tex. Mar. 7, 2025) (Godbey, C.J.). Elizalde-Abelardo received a longer sentence than his co-defendants because he qualified as an organizer or leader of criminal activity. Doc. 1062, Mot., 9.

Finally, Elizalde-Abelardo challenges the validity of his sentence on several grounds. First, he asserts that his conviction does not have the required elements to satisfy a "serious violent felony" under 18 U.S.C. 3559(c)(2). Doc. 1062, Mot., 7. Second, he argues that there "exists no proof" to

support the finding that he played an "aggravating role" as a leader in the offense which resulted in a four-point increase during sentencing. *Id.* at 8–9.

A motion for compassionate release is not the proper vehicle for challenging a federal sentence. *See Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999) ("[28 U.S.C.] § 2255 is the proper vehicle for challenging the validity of a conviction and sentence.")." (citation omitted); *see also Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) ("Relief under [§ 2255] is warranted for any error that 'occurred at or prior to sentencing.'" (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Insofar as Elizalde-Abelardo seeks to challenge the sufficiency of his federal sentence, he may do so by filing the proper motion.

Finally, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors enumerated in § 3553(a). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Because Elizalde-Abelardo fails to show extraordinary and compelling reasons for release, the Court need not consider these factors today.

## IV.

## CONCLUSION

For these reasons, the Court **DENIES** Elizalde-Abelardo's Motion for Compassionate Release (Doc. 1062) **WITHOUT PREJUDICE**.

By denying Elizalde-Abelardo's Motion without prejudice, the Court permits Elizalde-Abelardo to file a subsequent motion for compassionate release in the event he can: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, (2) satisfy the

exhaustion requirement with respect to those circumstances, and (3) show that the 18 U.S.C. § 3553(a) factors support his release.

The Clerk of Court is **DIRECTED** to mail Elizalde-Abelardo a copy of this order by Federal Express at the address indicated in his most recent filing.

**SO ORDERED.**

**SIGNED: August 12, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE